**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED CENTRAL BANK,**
        **Plaintiff,**

    v.                                                    Case No. 11-C-0693

**WELLS STREET APARTMENTS, LLC,**
**et al.,**
        **Defendants.**

---

### ORDER

On July 20, 2011, plaintiff filed this mortgage-foreclosure action. The original complaint alleged that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. After reviewing the complaint to ensure that plaintiff's jurisdictional allegations were adequate, see Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986), I issued an order that identified a number of deficiencies. In response to my order, plaintiff filed an amended complaint in an attempt to correct the deficiencies. However, there are still a handful of deficiencies that must be corrected if this case is to proceed in federal court.

First, at a number of points in the complaint, plaintiff makes statements that lead me to believe it thinks that an individual is a citizen of the state in which he or she resides. However, the citizenship of an individual is determined by domicile rather than residence, and the two are not synonyms. Hunter v. Amin, 583 F.3d 486, 491 (7th Cir. 2009). Thus, plaintiff must identify the domicile of the individual defendants and the domicile of the

individuals whose citizenship determines the citizenship of the entity defendants, rather than their residence.

Second, the jurisdictional allegations relating to the defendant or defendants identified in paragraph 24 of the complaint are unclear. Plaintiff identifies Western Springs National Bank as the defendant but then indicates it was closed by the FDIC and reopened as Heartland Bank and Trust Company. Plaintiff alleges that Western Springs "was" a banking organization organized under Illinois law but does not indicate the time period that "was" refers to. What matters for jurisdictional purposes is the citizenship of Western Springs at the time the action was commenced. Autotech Techs. LP v. Integral Research & Dev. Corp., 499 F.3d 737, 742 (7th Cir. 2007). Thus, plaintiff must identify the state of incorporation and principal place of business of Western Springs as of July 20, 2011. To the extent plaintiff means to sue some other entity as Western Springs' successor, it must clearly identify the citizenship of that entity as of July 20, 2011.

**THEREFORE, IT IS ORDERED** that plaintiff has **14 days** to correct its jurisdictional allegations by filing a second amended complaint. If the jurisdictional allegations are not corrected within that time, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2011.

/s_____
LYNN ADELMAN
District Judge