# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED CENTRAL BANK,**
            Plaintiff,

     v.                                                     Case No. 11-C-0693

**WELLS STREET APARTMENTS, LLC,**
et al.,
            Defendants.

## DECISION AND ORDER

In this diversity case, plaintiff United Central Bank, a Texas banking association, seeks to foreclose on mortgages on properties located in Outagamie, Winnebago and Milwaukee Counties, Wisconsin. United Central Bank has named dozens of entities and individuals as defendants. Five of those defendants (the "moving defendants"[1]) have filed a motion to dismiss this case for improper venue and a motion to stay this case based on Colorado River abstention. I consider these two motions below.

### I. VENUE

The moving defendants' venue motion is based on contractual provisions relating to venue that appear in the promissory notes and mortgages that United Central Bank is trying to enforce. The defendants do not dispute that, but for these contractual provisions, venue in this court would be proper, and so whether it is turns on whether the mortgages and promissory notes require United Central Bank to file this suit elsewhere.

The promissory notes contain the following clause:

---

[1] The moving defendants are: (1) KMWC 845, LLC; (2) CS MWC, LLC; (3) BV Evergreen, LLC; (4) BV Wells, LLC; and (5) 523 West Wall Street, LLC.

> FORUM AND VENUE. In the event of litigation pertaining to this Note, the exclusive forum, venue and place of jurisdiction shall be in the State of Illinois, unless otherwise designated in writing by Bank or otherwise required by law.

(Second Am. Compl. Ex. B, ECF No. 13-2 at p. 14.) Some of the mortgages (more precisely, amendments to the mortgages) contain the following clause:

> GOVERNING LAW; VENUE. This Mortgage Amendment, and all of the obligations of the parties arising hereunder, shall be governed, construed and interpreted in accordance with the laws of the State of Illinois (without giving effect to any Illinois "choice of law" principles which would require construction under the laws of a different jurisdiction), **and Outagamie County, Wisconsin shall be deemed a proper venue for any action arising hereunder or in connection herewith.**

(Second Am. Compl. Ex. A, ECF No. 13-1 at p. 74 (emphasis added).) The other mortgages contain similar clauses, only the specified law is Wisconsin's and the specified venue is Milwaukee County:

> GOVERNING LAW; VENUE. This Mortgage, as further amended by this Mortgage Amendment, and all of the obligations of the parties arising hereunder and hereunder, shall be governed, construed and interpreted in accordance with the laws of the State of Wisconsin (without giving effect to any Wisconsin "choice of law" principles which would require construction under the laws of a different jurisdiction), **and Milwaukee County, Wisconsin shall be deemed a proper venue for any action arising hereunder or in connection herewith.**

(Second Am. Compl. Ex. C, ECF No. 13-3 at p. 28 (emphasis added).)

None of these clauses prevent United Central Bank from bringing its claims in this court. First, although the venue provision in the notes provides generally that the State of Illinois is the exclusive venue, it also provides that the "Bank" can designate a different venue in writing. The obvious intent of that provision is to allow the bank to choose a venue other than state court in Illinois if it so desires. And obviously, United Central Bank

2

has chosen this court. Thus, allowing the litigation pertaining to the notes to continue in this court is consistent with the venue provision in the notes.[2]

Second, although the mortgages provide that Outagamie and Milwaukee Counties are proper venues for litigation pertaining to those mortgages, they do not provide that venue is proper <u>only</u> in those counties. Venue can be proper in more than one place, <u>see</u> <u>In re LimitNone, LLC</u>, 551 F.3d 572, 575 (7th Cir. 2008), and thus the designation of one proper venue does not imply the exclusion of others. Moreover, the venue provisions in the mortgages state that the designated county is "<u>a</u> proper venue" rather than "<u>the</u> proper venue." This indicates that the parties contemplated that venue could be proper in places other than the designated county. Accordingly, the defendants' motion to dismiss for improper venue will be denied.

## II. <u>COLORADO RIVER</u> ABSTENTION

The <u>Colorado River</u> abstention doctrine stems from <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). It permits a federal court to stay or dismiss a suit when there is a concurrent state proceeding and the stay or dismissal would promote wise judicial administration. <u>AXA Corp. Solutions v. Underwriters Reinsurance Corp.</u>, 347 F.3d 272, 278 (7th Cir. 2003). For the doctrine to apply, the two suits must be parallel, meaning that substantially the same parties are contemporaneously litigating substantially the same issues. <u>Id.</u> If the two suits are parallel, the court must then take ten separate factors into consideration in deciding whether or not to abstain:

---

[2]The notes say that the Bank's designation of a different venue must be in writing, but the defendants have not argued that United Central Bank has failed to comply with that requirement.

3

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

Id. Ultimately, however, abstention under Colorado River will be appropriate only in "exceptional circumstances," and there is a general presumption against abstention. Id.

The moving defendants argue that this case should be stayed pursuant to Colorado River pending the outcome of litigation in Illinois state court between the moving defendants and United Central Bank. In the Illinois action, the moving defendants seek to enforce an apparently oral agreement in which United Central Bank allegedly agreed to abstain from foreclosing on certain mortgages, including the mortgages at issue in the present lawsuit. The forms of relief requested in the Illinois action include damages for violation of the agreement and an injunction against United Central Banks's further prosecution of the present lawsuit.

I will assume for the sake of argument that the present lawsuit and the Illinois lawsuit are parallel. However, consideration of the ten factors makes clear that this case does not present any "exceptional circumstances" that would rebut the general presumption against abstention.

First, the Illinois state court has not assumed jurisdiction over any property. To the contrary, the property relevant to this suit is real property located in Wisconsin. Thus, this factor weighs against abstention.

Second, no party has claimed that litigation in either this court or the Illinois state court would be inconvenient, and so this factor is neutral.

Third, the desirability of avoiding piecemeal litigation favors abstention. If I do not abstain, there is a risk that both this court and the Illinois court will simultaneously address issues relating to the alleged oral agreement. However, this is not by itself a sufficient reason to abstain. See Evans Transp. Co. v. Scullin Steel Co., 693 F.2d 715, 717 (7th Cir. 1982) ("[I]t is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy—in having two active lawsuits instead of one. That will always be possible when there is a parallel state suit pending.").

Fourth, the order in which jurisdiction was obtained is neutral. Although the Illinois action was filed first (July 8, 2011), it was filed less than two weeks before United Central Bank commenced the present action (July 20, 2011). Cf. Evans Transp. Co., 693 F.2d at 718–19 (7th Cir. 1982) (observing that stays under Colorado River are rarely upheld when the state suit is filed only a few weeks before the federal suit).

Fifth, the source of governing law is neutral. Although state rather than federal law controls all of the substantive issues in these cases, both Wisconsin state law and Illinois state law are relevant: Wisconsin law governs some of the mortgages, and Illinois law governs some of the mortgages, the promissory notes, and presumably the alleged oral agreement. This court likely has greater expertise with respect to Wisconsin law, and the Illinois courts likely have greater expertise with respect to Illinois law.

Sixth, the factor relating to whether the state-court action will adequately protect the federal plaintiff's rights is neutral. There is no reason to think that the Illinois courts would not adequately protect United Central Bank's rights.

5

Seventh, the relative progress of the state and federal proceedings is neutral. The state and federal proceedings were filed at approximately the same time, and as far as the record reveals the state proceeding is no further along than the federal proceeding.

Eighth, the presence or absence of concurrent jurisdiction weighs against abstention. Although this court and the Illinois court can both exercise jurisdiction over issues relating to the alleged oral agreement, only this court has the ability to enter a judgment of foreclosure relating to real property located in Wisconsin.

Ninth, the availability of removal weighs against abstention. There are two defendants in the Illinois action besides United Central Bank. Those two defendants are individuals who appear to be citizens of Illinois, and thus it is likely that United Central Bank cannot remove the state action to federal court in Illinois based on diversity of citizenship. See 28 U.S.C. § 1441(b)(2).

Tenth, there is no federal claim in either this action or the state-court action, and so the factor relating to the vexatious or contrived nature of the federal claim is neutral.

Accordingly, having considered the relevant factors, I conclude that abstention under Colorado River is not warranted.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion to dismiss for improper venue is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay based on Colorado

6

River abstention is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of October 2012.

s/ Lynn Adelman  
LYNN ADELMAN  
District Judge