# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED CENTRAL BANK,**
        **Plaintiff,**

    v.                                    Case No. 11-C-0693

**WELLS STREET APARTMENTS, LLC,**
et al.,
        **Defendants.**

## DECISION AND ORDER

United Central Bank ("UCB") brought this action to foreclose three mortgages, which I have been referring to as Mortgages I, II, and III, that encumber properties located in Wisconsin. On June 7, 2013, I issued an order granting partial summary judgment to UCB on its claims to foreclose Mortgages II and III. In that same order, however, I granted partial summary judgment to the defendants and determined that UCB was not entitled to foreclose Mortgage I. The reason UCB may foreclose Mortgage I but not Mortgages II and III has to do with a difference between Illinois and Wisconsin law: As explained in detail in my June 7 order, UCB may no longer enforce the promissory notes associated with any of the mortgages. Under Illinois law, a creditor's inability to enforce a note also prevents it from foreclosing the associated mortgage. Under Wisconsin law, however, a creditor may foreclose a mortgage even if an action on the underlying note is barred. In my June 7 order, I noted that the parties had agreed that Wisconsin law applied to Mortgages II and III and that UCB had not disputed that Illinois law applied to Mortgage I. See ECF No. 147 at 4–5. Thus, UCB was barred from foreclosing Mortgage I, which was governed by Illinois law, but not from foreclosing Mortgages II and III, which were governed by Wisconsin law.

UCB has filed a motion for reconsideration of my conclusion that it is barred from foreclosing Mortgage I. In its motion, UCB argues for the first time that Mortgage I is governed by Wisconsin law. It points out that although an "amendment" to Mortgage I contains a choice-of-law provision selecting Illinois law, the original mortgage contains a choice-of-law provision selecting Wisconsin law. UCB contends that it is the original mortgage's choice-of-law provision, not the mortgage amendment's choice-of-law provision, that determines the law applicable to its foreclosure claim. Whatever merit this argument might have, however, the time to assert it has already passed. In moving for summary judgment, the defendants argued that Illinois law applied to Mortgage I. See Br. in Supp. at 4, ECF No. 122. In its response to this motion, and in its own motion for summary judgment, UCB pointed out that Illinois law applied to Mortgages II and III. However, UCB did not dispute that Illinois law applied to Mortgage I—it stated that "two of the three" mortgages selected Wisconsin law, thereby implying that the third mortgage selected Illinois law. See ECF No. 136 at 4; ECF No. 141 at 3. Having thus acquiesced in the application of Illinois law to its claim to foreclose Mortgage I, UCB cannot now "ask for a mulligan under the laws of a different jurisdiction." Lott v. Levitt, 556 F.3d 564, 568 (7th Cir. 2009). Rather, the argument that Wisconsin law applies has been waived. Id.; accord Adams v. Raintree Vacation Exchange, LLC, 702 F.3d 436, 438 (7th Cir. 2012); Wachovia Securities, LLC v. Banco Panamericano, Inc., 674 F.3d 743, 751 (7th Cir. 2012); Muslin v. Frelinghuysen Livestock Managers, Inc., 777 F.2d 1230, 1231 n.1 (7th Cir. 1985); Casio, Inc. v. S.M. & R. Co., 755 F.2d 528, 531 (7th Cir. 1985). Accordingly, UCB's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2013.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge