# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED CENTRAL BANK,**
    **Plaintiff,**

  v.              Case No. 11-C-0693

**WELLS STREET APARTMENTS, LLC,**
et al.,
    **Defendants.**

## DECISION AND ORDER

  Pursuant to my order of June 7, 2013, United Central Bank ("UCB") has filed a proposed judgment of foreclosure and sale. The defendants have raised the following objections to the proposed judgment: (1) the per diem interest to which UCB is entitled until the time of sale should be added at the pre-default rate rather than the default rate; (2) the Count III properties should be sold as separate parcels; and (3) UCB is not entitled to attorneys' fees. In its response to the defendants' objections, UCB concedes that interest should be added at the pre-default rate and that the Count III properties may be sold as separate parcels.

  As for attorneys' fees, UCB argues that it should be allowed to file a separate motion in which it will demonstrate its entitlement to a reasonable fee. The defendants contend that UCB should not be allowed to apply for attorneys' fees because I stated in my summary-judgment opinion that UCB was not pursuing a claim for attorneys' fees. However, UCB is pursuing a claim for fees, and the reason it did not attempt to prove the amount of a reasonable fee in its summary-judgment motion is that it intended to file a separate motion for fees. If this was UCB's intent, then it would have made sense for UCB

to expressly say so in its summary-judgment reply brief in response to the defendants' argument that UCB had failed to submit evidence as to the amount of a reasonable fee. But its failure to do so has not prejudiced the defendants or the court. Therefore, UCB will be permitted to request and prove the amount of its reasonable attorneys' fees in a separate motion. The defendants, of course, will be permitted to file a response to the motion within the time allotted by the local rules, and then UCB may file a reply brief.

The remaining matter to address is whether the sale of the properties will be conducted by the U.S. Marshals Service or by the sheriffs of the counties in which the properties are located. In my last order, I noted that federal courts normally use the Marshals Service to perform tasks that would be performed by county sheriffs in cases pending in state court. UCB indicates that although the Marshals Service is able to conduct the sales, it would prefer to have the county sheriffs conduct them because the sheriffs are more familiar with the procedures for doing so than is the Marshals Service. If that is what UCB prefers, and if the sheriffs do not object to conducting a sale ordered by a federal court rather than a state court, then the sales may be conducted by the sheriffs rather than the Marshals Service.

Accordingly, **IT IS ORDERED** that: (1) within seven days of the date of this order, UCB shall amend its proposed judgment of foreclosure and sale to reflect the amounts due based on calculations at the pre-default rate of interest and for the sale of the properties at issue in Count III individually; (2) the sheriffs of Milwaukee and Outagamie Counties may conduct the sales of the subject properties; and (3) within thirty days of the date of this order, UCB may file a motion for attorneys' fees and expenses (with briefing on the motion to be governed by the local rules).

Dates at Milwaukee, Wisconsin, this 9th day of January, 2014.

                                                s/ Lynn Adelman

                                                LYNN ADELMAN
                                                District Judge